The Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE/TACOMA

| | |
|---|---|
| ANN MAYHALL, on behalf of her Minor Child, D.M., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC. and AMAZON.COM, INC.,<br><br>Defendant. | NO. 2:21-cv-01473-TL<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Plaintiff Ann Mayhall, on behalf of her Minor Child, D.M. ("Plaintiff") and Defendants Amazon Web Services, Inc. and Amazon.com, Inc., by and through counsel, respectfully submit this Joint Rule 26(f) Report and Discovery Plan. Pursuant to Fed R. Civ. P. 26(f), the parties held a video conference on March 11, 2022.

## JOINT RULE 26(f) REPORT

### I. PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES

The parties believe a reasonable deadline for joining additional parties is October 28, 2022, which is six months before the proposed deadline for the class certification motion.

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## II. CONSENT TO MAGISTRATE

The parties do not consent to the transfer of this case to a Magistrate Judge.

## III. PROPOSED DISCOVERY PLAN

### A. Exchange of initial disclosures:

The parties agreed to exchange initial disclosures on March 25, 2022.

### B. Subjects, timing, and phasing of discovery:

**Plaintiff's Position:** Plaintiff anticipates conducting discovery regarding the allegations in the Complaint, Defendants' affirmative defenses (if any), and the opinions of any expert witnesses. Plaintiff anticipates discovery will include discovery related to Defendants' relationship with each other and with Take 2/2K ("Take-Two); the internal organizations/divisions of Defendants related to the allegations in the Complaint; Defendants' possession, collection, capturing, purchasing, receiving through trade, or otherwise obtaining the information described in the Complaint; Defendants' security practices generally and with respect to the information described in the Complaint; the technical components/workings of the creation, processing, transmission, storage, access to, use of, and/or security over the information described in the Complaint; Defendants' knowledge of the NBA 2K games, apps, and customized player feature described in the Complaint; Defendants' CloudFront service as described in the Complaint; Defendants' knowledge of and compliance with privacy rights related to biometric data, including BIPA, including internal decision-making regarding whether to, or how to, comply with BIPA; and information about class members. Plaintiff further anticipates conducting discovery regarding the issues identified by Defendants below.

The parties agree that there is no need to phase certification and merits discovery. Plaintiff opposes Defendants' request to stay discovery and all proceedings while their Motion to Dismiss is pending. *See Blackstone Int'l v. E2 Ltd.*, No. C20-1686-RSM, 2022 U.S. Dist. LEXIS 31095, *4 (W.D. Wash. Feb. 22, 2022) ("[A] pending motion to dismiss does not ordinarily warrant a stay of discovery, [though] a stay may be appropriate where issues of

JOINT STATUS REPORT AND DISCOVERY PLAN - 2

jurisdiction or immunity are raised in the dispositive motion.") (citing *Williams v. Sampson*, No. C17-0092-JCC, 2017 U.S. Dist. LEXIS 55461, *3 (W.D. Wash. Apr. 11, 2017) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues.") (quoting *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989))); *Wilmington Tr. Co. v. Boeing Co.*, C20-0402-RSM-MAT, 2020 U.S. Dist. LEXIS 190642, *4 (W.D. Wash. Oct. 14, 2020) ("A party seeking to stay discovery bears a 'heavy burden' to make a 'strong showing' of why discovery should be denied. . . . Neither the mere existence of a potentially dispositive motion, nor mere inconvenience and expense suffice to establish good cause for a stay. . . . The decision to relieve a party from the burdens of discovery while a dispositive motion is pending 'is the exception and not the rule.'" (citations omitted)).

Here, Defendant's Motion to Dismiss does not raise preliminary issues of jurisdiction, venue, or immunity. Instead, as Defendants clarify in the paragraph below, most of the defenses they have raised in their motion are factual defenses that are contrary to the allegations of the Complaint. Discovery is therefore needed to gather facts to properly analyze Defendants' assertions, including those set forth below that "Defendants do not collect or possess biometric information" that "Defendants have no relationship with Plaintiff" that Defendants "did not interact with Plaintiff" and that "their sole role is to provide web hosting services." Moreover, this case will involve technical discovery that will take time and expertise to gather and analyze, and with a class certification briefing deadline only 11 months away, any delay caused by a stay of discovery while a motion to dismiss is pending would cause Plaintiff undue prejudice. If a stay of discovery is granted, Plaintiff requests that the parties be allowed to submit a new proposed schedule and trial date within 14 days after the Order on the Motion to Dismiss.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**Defendants' Position:** Defendants believe that discovery should be stayed pending the Court's decision on their pending motion to dismiss. As explained in Defendants' motion, the Illinois Biometric Information Privacy Act does not apply to Plaintiff's claims because they have failed to adequately allege that Defendants collect or possess biometric information. As Plaintiffs' Complaint tacitly concedes, Defendants have no relationship with Plaintiff and did not interact with Plaintiff, as Defendants' sole role is to provide web hosting services for data that is owned by Take-Two. Contrary to Plaintiffs' argument, those are not "factual defenses" that require discovery; Plaintiffs' Complaint fails on its face as a matter of law, for reasons that cannot be cured. Defendants' motion to dismiss raises substantial, case-dispositive issues and Defendants respectfully submit that discovery, which is likely to be protracted and burdensome, should not proceed until the Court determines whether Plaintiff has stated a viable claim.

Plaintiffs' position statement above, and their one-sided citation to a handful of cases, is an improper attempt to turn this Joint Status Report into a motion. Defendants will not engage in de facto motion practice outside the Court's rules and procedures. If the Court would benefit from briefing on the propriety of a stay in these circumstances, Defendants respectfully request an opportunity to brief that issue.

When and if discovery proceeds, Defendants anticipate conducting discovery regarding the contractual relationship between AWS and Take-Two; the geographic location in which the relevant conduct alleged in the Complaint occurred; the role of Defendants as it relates to the conduct alleged in the Complaint; and Plaintiff's specific claims. Defendants also reserve the right to take discovery on issues identified by Plaintiff above.

**C.    Electronically stored information:**

At this time, the parties do not anticipate any issues regarding the preservation or production of electronically stored information. The parties agree to take reasonable steps to preserve all relevant electronically stored information. The parties anticipate using the Model Protocol for Discovery of Electronically Stored Information, with certain agreed-upon

JOINT STATUS REPORT AND DISCOVERY PLAN - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

revisions.  The parties anticipate submitting an agreed ESI order on or before April 8, 2022.

D. **Privilege issues:**

The parties do not see any unique privilege issues in this case.  The parties will make claims of privilege or of protection of trial preparation materials at the time of production, and will meet and confer regarding the need for and scope and timing of privilege logs.  The parties will use the Court's Model Protective Order, with agreed-upon revisions, which also addresses the claw-back of documents pursuant to Fed. R. Evid. 502(b).  The parties anticipate submitting an agreed Protective Order on or before April 8, 2022.

E. **Limitations on discovery:**

Due to the nature of this case, plaintiff requests that the parties be exempted from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 interrogatory limit).  Plaintiff requests that the number of interrogatories, including subparts, to each party be limited to 35 and the number of depositions to each party be limited to 15 without further leave of court.

Defendants oppose Plaintiff's position and request that the limitations of Rule 30(a)(2)(A) apply in this case.  There is nothing about the "nature of this case" that would justify expanding those limits, especially as drastically as Plaintiff requests.  If discovery limitations become an issue as discovery proceeds, Defendants will meet and confer with Plaintiffs to discuss any such issues.

F. **Discovery related orders:**

In addition to the ESI Protocol and Protective Order discussed above, Plaintiff intends to request production of source code related to the processing, transmission, and storage of the data described in the Complaint.  Amazon anticipates objecting to production of source code,

JOINT STATUS REPORT AND DISCOVERY PLAN - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

which is highly confidential and irrelevant to Plaintiff's allegations. If production of source code is ordered, the parties anticipate negotiating a protective order governing any disclosure of source code, and will attempt to resolve any differences related thereto without resorting to the Court unless necessary.

IV. **LOCAL CIVIL RULE 26(1)**

    A. **Prompt case resolution:**

The parties believe it is too early to assess prompt settlement at this point. The parties have provided below a proposed schedule to permit resolution of this matter promptly.

    B. **Alternative dispute resolution:**

The parties agree that mediation per LCR 39.1 may be useful in the future. If the parties agree to mediation, the parties expect that such mediation would occur following the filing of motions for summary judgment. The parties do not consent to the Individualized Trial Program under LCR 39.2.

    C. **Related cases:**

There are no other related cases.

    D. **Discovery management:**

The parties agree to exchange discovery electronically when possible to minimize expense. The parties agree to accept service of discovery via email service to all counsel of record. The parties agree that all discovery exchanged will be bates numbered by the producing parties. The parties anticipate the ability to manage discovery on their own and do not at this time anticipate the need for formal discovery management. The parties will share discovery obtained from third parties. The parties will comply with the requirements of LCR 37 and the Court's standing order for resolving any discovery disputes.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

E.     **Anticipated discovery sought:**

The discovery the parties anticipate seeking is set forth in section IV.B, above.

F.     **Phasing of motions:**

The parties agree that the filing deadline for class certification shall be on February 24, 2023 and the filing deadline for dispositive motions shall be on August 21, 2023, as set forth in the proposed schedule below.

G.     **Preservation of discoverable information:**

The parties will comply with all requirements regarding preservation of discoverable information and do not anticipate any issues regarding preservation.

H.     **Privilege Issues.**

The parties will use the Court's Model Protective Order, with certain agreed-upon revisions, which also addresses the claw-back of documents pursuant to Fed. R. Evid. 502(b).

I.     **Model Protocol for discovery of ESI:**

The parties will use the Model Protocol for Discovery of Electronically Stored Information, with certain agreed-upon revisions. The parties anticipate submitting an agreed ESI order on or before April 8, 2022.

J.     **Alternatives for Model Protocol:**

The parties will use the Model Protocol for Discovery of Electronically Stored Information, with certain agreed-upon revisions. The parties will also use the Court's Model Protective Order, with certain agreed-upon revisions. The parties anticipate submitting the ESI Protocol and Protective Order to the Court on or before April 8, 2022.

JOINT STATUS REPORT AND DISCOVERY PLAN - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## V. DISCOVERY COMPLETION DATE

The parties proposed deadlines are:

| EVENT | DATE |
|---|---|
| Deadline to Join Additional Parties | September 16, 2022 |
| Deadline to Amend Pleadings | September 16, 2022 |
| Motion for Class Certification | February 24, 2023 |
| Response to Motion for Class Certification | 45 days after filing of motion |
| Reply in Support of Motion for Class Certification | 30 days after filing of response |
| Fact Discovery Cutoff | May 26, 2023 |
| Plaintiff's Expert Disclosure | June 16, 2023 |
| Defendant's Expert Disclosure | July 17, 2023 |
| Rebuttal Reports | August 16, 2023 |
| Summary Judgment Motions | September 8, 2023 |
| Trial | December 2023/January 2024 |

## VI. BIFURCATION

The parties agree that the issues in this case should not be formally bifurcated.

## VII. USE OF INDIVIDUALIZED TRIAL PROGRAM

The parties do not intend to use either the Individualized Trial Program or the available formal ADR option at this time. The parties do agree, however, that mediation may be appropriate in the future.

## VIII. SUGGESTIONS FOR SHORTENING OR SIMPLIFYING CASE

Plaintiff has no suggestions for shortening or simplifying this case. The stay of discovery proposed by Defendants will lengthen the case by requiring an adjustment to the proposed schedule above.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Amazon submits that staying discovery until the Court rules on Amazon's pending motion to dismiss has the potential to shorten or simplify the case by narrowing (or eliminating) the issues for trial.

### IX. DATE THE CASE WILL BE READY FOR TRIAL

The parties believe that this matter will be ready for trial by December 2023/January 2024.

### X. JURY TRIAL

Plaintiff has requested trial by jury.

### XI. LENGTH OF TRIAL

The parties anticipate 7 to 10 days for trial.

### XII. ADDRESSES OF COUNSEL

See below.

### XIII. TRIAL COUNSEL COMPLICATIONS

Trial counsel do not currently have any dates that would pose complications to the schedule.

### XIV. SERVICE OF COMPLAINT

Defendants have accepted service of the Complaint.

### XV. SCHEDULING CONFERENCE

The parties believe a scheduling conference to discuss the issue of staying discovery while their motion to dismiss is pending, and to answer any questions the Court may have regarding the Parties' proposed schedule, would be beneficial.

JOINT STATUS REPORT AND DISCOVERY PLAN - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

XVI. **DATES ON WHICH CORPORATE DISCLOSURES FILED**

Plaintiff is an individual and is not required to file a corporate disclosure statement.

Defendants filed their corporate disclosure statement on March 24, 2022.

DATED this 25th day of March, 2022.

                TOUSLEY BRAIN STEPHENS PLLC

By: *s/Jason T. Dennett*
    *s/Cecily C. Jordan*
Jason T. Dennett, WSBA #30686
Cecily C. Jordan, WSBA #50061
jdennett@tousley.com
cjordan@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone:  206.682.5600/Fax: 206.682.2992

Kevin P. Green
kevin@ghalaw.com
GOLDENBERG HELLER & ANTOGNOLI,
P.C.2227 South State Route 157
Edwardsville, IL 62025
Telephone: 618-656-5150
Facsimile: 618-656-6230

Christian G. Montroy
montroy@montroylaw.com
MONTROY LAW OFFICES LLC
2416 North Center
PO Box 369
Maryville, IL 62062
Telephone:618-223-8200

*Attorneys for Plaintiff*

**FENWICK & WEST LLP**

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

1191 Second Avenue, 10th Floor
Seattle, WA  98101
Telephone:	206.389.4510
Facsimile:	206.389.4511
Email:	bbuckley@fenwick.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 10

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Elizabeth Herrington*
Elizabeth B. Herrington, IL #6244547
(admitted *pro hac vice*)

110 North Wacker Drive
Chicago, IL 60601-5094
Telephone: (312) 324-1000
E-mail: beth.herrington@morganlewis.com

***Counsel for Defendants***

JOINT STATUS REPORT AND DISCOVERY PLAN - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992