The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANN MAYHALL, on behalf of her Minor Child, D.M., individually and on behalf of all others similarly situated,

Plaintiff,

V.

AMAZON WEB SERVICES, INC. and AMAZON.COM, INC.,

Defendants.

NO. C21-1473-TL-MLP

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.   General Principles**

1.   An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.   As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the

application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians.</u> The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5. <u>Foreign data privacy laws.</u>  Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679.  The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.    ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

  a. Prior to running searches:

    i. The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

    ii. The requesting party is entitled to, within 14 days of the producing party's disclosure, add no more than 10 search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties. If a party believes that additional search terms beyond the 10 provided for in the preceding sentence are necessary, the requesting party shall request such additional search terms within 14 days after adding the 10 search terms or queries provided for in preceding sentence. The parties will meet and confer in good faith regarding any request for additional search terms, and, only if those efforts do not result in a consensus, may seek the Court's intervention.

    iii. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count

as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

    b.  After production: Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 10 additional search terms or queries.

  If a party believes that additional search terms beyond the 10 provided for in the preceding sentence are necessary, the requesting party shall request such additional search terms within 14 days after adding the 10 search terms or queries provided for in preceding sentence. The parties will meet and confer in good faith regarding any request for additional search terms, and, only if those efforts do not result in a consensus, may seek the Court's intervention.

  The immediately preceding section (Section C(2)(a)(iii)) applies.

    c.  For good cause shown, a party shall disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

  3.  <u>Format.</u>

    a.  With the exception of the agreed file types to be produced in Native Format in section 3.b below, ESI will be produced to the requesting party as Group IV 300 DPI single page Tiff images with associated LFP/OPT image load files and metadata as set out in Exhibit A below. ESI will also be produced with accompanying extracted text at document

level and provided as plain text files on the production media. To the extent discoverable electronic information is contained in a proprietary database, the parties will meet and confer to discuss the most appropriate and cost-effective production format. Black-and-white ("B&W") hard-copy documents shall be produced as single-page, B&W group IV TIFFs imaged at 300 dpi. To the extent that a static image has been created of any hard copy document containing color and/or grayscale, such static image containing color and/or grayscale shall be produced. If not previously imaged in color or grayscale, the parties will use reasonable efforts to produce hard copy documents containing color and/or grayscale as static images with grayscale and color, respectively; however, a party may, unless previously imaged in color and/or grayscale, produce documents containing color in grayscale if it determines that the color-portion of a document is minimal and that production using grayscale would not in any way affect a reader's understanding of that document (*e.g.*, a letter where the only color included is a corporate logo on the first page). Notwithstanding such a provision, reasonable requests to produce grayscale documents in color shall be accommodated. The parties reserve the right to request a Native File of documents initially produced in non-Native format.

      b.      Spreadsheet, database, and drawing files, wikis, Presentation Files such as but not limited to Microsoft Powerpoint, and image files (jpg/gif), will be produced in native format. Native file production will include a tiff image native placeholder containing the bates number, confidentiality brand and electronic filename displayed on the image.

      c.      Each document image file or native placeholder shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. The producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

      d.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e.  The parties shall produce all collected metadata fields pertaining to documents produced in standard delineated load files that are "Relativity" compatible (DAT Delimited) containing all information captured by the producing party.

f.  The full text of each electronic document shall be electronically extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document). Native file placeholders and non-native TIFF images will be accompanied by an Opticon Cross-Reference load file.

4.  <u>De-duplication.</u> The parties may de-duplicate their ESI production, using industry standard MD5 or similar technology, across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5.  <u>Email Threading.</u> The parties may use analytics technology to identify email threads and agree to continued meet and confer regarding the application of this or any other de-duplication technologies not specifically outlined in section 4 above.

6.  <u>Metadata fields.</u> The parties agree that the metadata described in Exhibit A attached hereto shall, when available, be produced on both electronic and hard copy documents. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

7.  <u>Hard-Copy Documents.</u> If the parties produce hard-copy documents in an electronic format in accordance with this Order, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will

be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.      Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

        d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

        e.      Back-up data that are duplicative of data that are more accessible elsewhere.

        f.      Server, system or network logs.

        g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

        h.      Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.     Privilege**

    1.    A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production.

    2.    With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

3.       Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

4.       Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

DATED: July 11, 2022

| | |
|---|---|
| TOUSLEY BRAIN STEPHENS PLLC | FENWICK & WEST LLP |
| By: *s/ Jason T. Dennett*<br>     *s/ Cecily C. Jordan*<br>Jason T. Dennett, WSBA #30686<br>Cecily C. Jordan, WSBA #50061<br>jdennett@tousley.com<br>cjordan@tousley.com<br>1200 Fifth Avenue, Suite 1700<br>Seattle, Washington 98101<br>Telephone:  206.682.5600<br>Fax: 206.682.2992 | By: */s/ Brian D. Buckley*<br>Brian D. Buckley, WSBA No. 26423<br>1191 Second Avenue, 10th Floor<br>Seattle, WA 98101<br>Telephone: 206.389.4510<br>Facsimile: 206.389.4511<br>Email: bbuckley@fenwick.com |
| GOLDENBERG HELLER<br>& ANTOGNOLI, P.C. | MORGAN, LEWIS & BOCKIUS LLP |
| By: *s/ Kevin P. Green*<br>Kevin P. Green<br>kevin@ghalaw.com<br>2227 South State Route 157<br>Edwardsville, IL 62025<br>Telephone: 618-656-5150<br>Facsimile: 618-656-6230 | By: */s/ Elizabeth Herrington*<br>Elizabeth B. Herrington, IL #6244547<br>(admitted *pro hac vice*)<br>110 North Wacker Drive<br>Chicago, IL 60601-5094<br>Telephone: (312) 324-1000<br>E-mail:<br>beth.herrington@morganlewis.com<br><br>**Attorneys for Defendants** |

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 9
NO. C21-1473-TL-MLP

| | |
|---|---|
| 1 | MONTROY LAW OFFICES LLC<br>By: *s/ Christian G. Montroy* |
| 2 | Christian G. Montroy<br>montroy@montroylaw.com |
| 3 | 2416 North Center<br>PO Box 369 |
| 4 | Maryville, IL 62062<br>Telephone:618-223-8200 |
| 5 | ***Attorneys for Plaintiff and the*** |
| 6 | ***Proposed Class*** |

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 10
NO. C21-1473-TL-MLP

# ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED: July 11, 2022

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

**EXHIBIT A**

**TABLE OF METADATA FIELDS**

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/ Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Limited Text | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Limited Text | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Limited Text | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Limited Text | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Parent_Bates | Unique ID (Bates number) Parent-Child Relationship | Limited Text | First Bates number of parent document/e-mail **This PARENT_BATES field should be populated in each record representing an attachment "child" document. | First Bates number of parent document/e-mail **This PARENT_BATES field should be populated in each record representing an attachment "child" document. |

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 12
NO. C21-1473-TL-MLP

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/ Attachments) |
|---|---|---|---|---|
| Child_Bates | Unique ID (Bates number) Parent-Child Relationship | Limited Text | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments **The CHILD_BATES field should be populated in each record representing a "parent" document. | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments **The CHILD_BATES field should be populated in each record representing a "parent" document. |
| Custodian | Custodian | Limited Text | The custodian of an email. | The custodian of a document. |
| Duplicate Custodian | | Limited Text | To identify other custodians whose files contained a particular document that was eliminated through de-duplication to the extent not included in the Custodian field. | To identify other custodians whose files contained a particular document that was eliminated through de-duplication to the extent not included in the Custodian field. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| RecordType | Options: eMail, Attachment, Loose eFile, MS Word Doc, Adobe Acrobat Doc, MS Excel | | The record type of a document. | The record type of a document. |
| Date-Time Sent | | Date (MM/DD/YYYY: 12:00:00 format) | The date the email was sent. | For email attachments, the date the parent email was sent. |

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 13
NO. C21-1473-TL-MLP

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/ Attachments) |
|---|---|---|---|---|
| Author | Author Display Name (e-mail) | Limited Text | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Limited Text | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Limited Text | The display name of the copyee(s) of a email. | |
| BCC | BCC | Limited Text | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Limited Text | The subject line of an email. | The subject of a document from entered metadata. |
| File Name | | Limited Text | | Original file name of native document |
| Path | | Limited Text | | Original path for documents (if this information has been captured) |
| Native File Path | | Limited Text | | Original path or hyperlink to documents being produced in native file format |
| Date Created | | Limited Text | | Date document was created |
| Time Created | | Limited Text | | Time document was created |
| Date Last Modified | | Limited Text | | Date the document was last modified in MM/DD/YYYY format |

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 14
NO. C21-1473-TL-MLP

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/ Attachments) |
|---|---|---|---|---|
| Time Last Modified | | Limited Text | | Time file was last modified, with time zone normalized across all produced records |
| File Ext | | Limited Text | | File extension of native document |
| Hash | | Limited Text | | MD5 or SHA1 Hash Value |
| Text | | Limited Text | OCR or extracted text file | OCR or extracted text file |
| Redaction | | Limited Text | | Reason for Redaction on a document |
| Duplicate Path/Folder | | Limited Text | To identify other paths or folder locations of files from a particular document that was eliminated through de-duplication to the extent not included in the Path field. | To identify other paths or folder locations of files from a particular document that was eliminated through de-duplication to the extent not included in the Path field. |
| Confidentiality | | Limited Text | If Document is Marked Confidential, Display Confidentiality Designation (Example: Confidential; Highly Confidential) | |

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 15
NO. C21-1473-TL-MLP