UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANN MAYHALL, on behalf of her Minor Child, D.M., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES INC., *et al.*,<br><br>Defendants. | Case No. C21-1473-TL-MLP<br><br>ORDER |

## I. INTRODUCTION

Before the Court is Defendants Amazon Web Services Inc. and Amazon.com Inc.'s (collectively, "Defendants") "Motion to Seal Confidential Third-Party Documents" ("Defendants' Motion"). (Defs.' Mot. (dkt. # 54).) Defendants request the Court grant leave to file under seal certain documents designated "Confidential" by non-party Take-Two Interactive Software, Inc. ("Take-Two"). (*Id.* at 1.) Plaintiff Ann Mayhall, appearing on behalf of her minor child D.M, did not file an opposition. Having considered Defendants' submissions, the balance of the record, and the governing law, the Court GRANTS Defendants' Motion (dkt. # 54), as further explained below.

ORDER - 1

## II. DISCUSSION

On July 11, 2022, the parties entered a Stipulated Protective Order for the handling of confidential discovery materials. (*See* dkt. # 37.) Subject to that Protective Order, Defendants submitted documents designated as confidential (dkt. # 55) with their response to Plaintiff's pending Motion to Amend the Scheduling Order ("Plaintiff's Motion" (dkt. # 56)). Defendants' produced documents relate to a prior arbitration between Take-Two and a customer regarding the technology underlying Plaintiff's Complaint in this action— Defendants' development and creation of Take-Two's NBA2K videogame series and its "MyPLAYER" avatar system.[1] (Defs.' Mot. at 2.)

Under the Court's Local Rules, "[t]here is a strong presumption of public access to the court's files." Local Civil Rule ("LCR") 5(g); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As the Ninth Circuit explained in *Kamakana v. City & Cnty. of Honolulu*, "judicial records are public documents almost by definition, and the public is entitled to access by default." 447 F.3d 1172, 1180 (9th Cir. 2006). To rebut the presumption of public access, a party must file a motion that includes "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

When sealed materials are attached to a non-dispositive motion "unrelated to the merits of the case," such as here, the moving party "need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "A

---

[1] In September 2022, Take-Two produced the subject documents to Defendants, with a "confidential" designation, pursuant to the Protective Order. (Herrington Decl. (dkt. # 57) at ¶ 5 n.1) Defendants subsequently produced the documents to Plaintiff with the same designation. (*Id.*) In May 2023, Take-Two produced the documents to Plaintiff in response to a subpoena request with a "confidential" designation. (*Id.*)

ORDER - 2

party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," will not suffice. *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

Here, the submitted documents at issue are subject to the Protective Order, which provides a "party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B)[.]" (Dkt. # 37 at ¶ 4.3.) The local rule requires specifying the reasons in support, including an explanation of the legitimate private or public interests, injury that will result without sealing, and why a less restrictive alternative is insufficient. LCR 5(g)(3)(B). To that end, Defendants identify the privacy interests of non-party Take-Two, who Defendants argue would be harmed by making public prior confidential arbitration documents concerning the development and creation of Take-Two's NBA2K videogame series and its "MyPLAYER" avatar system. (*See* Defs.' Mot. at 2-3.) The prior arbitration documents include a AAA arbitration award in the arbitration titled *Spiegelman v. Take-Two Interactive Software, Inc.*, Ref. No. 1345001448, and a report of proceedings from that arbitration. (Herrington Decl. (dkt. # 57) at ¶ 5.) Defendants argue there is no less restrictive alternative sufficient to protect the confidentiality of Take-Two's confidential information, other than sealing, because the entirety of both subject documents relates to Take-Two's commercially sensitive information. (Defs.' Mot. at 3.)

The Court agrees. Defendants' submitted documents clearly relate to third-party Take-Two's commercially sensitive information underlying how it designs and develops NBA2K, the disclosure of which could cause competitive harm to Take-Two in the videogame

ORDER - 3

marketplace. *See Apple, Inc. v. Samsung, Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (9th Cir. 2013) (noting one factor that weighs in favor of sealing documents "is when the release of the documents will cause competitive harm to a business"). Accordingly, the Court finds Defendants have established good cause to maintain the subject records of a prior arbitration (dkt. # 55) under seal.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion (dkt. # 54) is GRANTED. The Clerk is directed to maintain Exhibits C and D to the Herrington Declaration in support of Defendants' opposition to Plaintiff's Motion (dkt. # 55) under seal. The Clerk is directed to send copies of this Order to the parties and to the Honorable Tana Lin.

Dated this 27th day of September, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4