UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANN MAYHALL, on behalf of her Minor Child, D.M., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES INC., *et al.*,<br><br>Defendants. | Case No. C21-1473-TL-MLP<br><br>ORDER |

## I.   INTRODUCTION

Before the Court is Plaintiff Ann Mayhall's, appearing on behalf of her minor child D.M, Motion to Amend Case Schedule ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 52).) Defendants Amazon Web Services Inc. and Amazon.com Inc. (collectively, "Defendants") filed an opposition (Defs.' Resp. (dkt. # 56)), and Plaintiff filed a reply (Pl.'s Reply (dkt. # 58)). Having considered the parties' submissions, the balance of the record, and the governing law, Plaintiff's Motion (dkt. # 52) is GRANTED in part and DENIED in part, as further explained below.

## II.   BACKGROUND

On January 7, 2022, Defendants filed a motion to dismiss all counts of Plaintiff's complaint. (Dkt. # 18.) On April 8, 2022, this case was referred by the Honorable Tana Lin to the

ORDER - 1

1    On March 31, 2023, Judge Lin adopted this Court's report and recommendation on Defendants' motion to dismiss. (Dkt. # 49.) On April 3, 3023, Defendants produced 1,514 pages of documents that were the result of the parties' search term agreement. (First Green Decl. at ¶ 16.) On April 28, 2023, Defendants filed their Answer and Affirmative Defenses. (Dkt. # 50.) Since that time, the parties have continued discovery, engaging in several meet and confer discussions regarding discovery issues and discovery responses, including Plaintiff's need for third-party discovery. (First Green Decl. at ¶¶ 17-20.) Defendants represent they completed Plaintiff's requested document production directed to them in June 2023, and that since January 2023, Plaintiff has not served any additional discovery on them. (*See* Herrington Decl. (dkt. # 57) at ¶ 6.)

Plaintiff represents that during course of discovery, Defendants indicated that some of the information Plaintiff requested could only be obtained from third parties, including Take-Two. (First Green Decl. at ¶ 21.) To that end, Plaintiff served a subpoena on Take-Two on February 16, 2023.[1] (*Id.*; Herrington Decl. at ¶ 7.) Defendants also served Plaintiff and Take-Two on February 15, 2023, with a subpoena to testify at a deposition. (First Green Decl. at ¶ 21.) The parties later agreed to postpone the Take-Two deposition until Take-Two produced Plaintiff's requested documents (*Id.*)

Since March 2023, Plaintiff has been engaged with Take-Two in working through discovery disputes regarding Plaintiff's subpoena request. (First Green Decl. at ¶¶ 24-25.) Take-Two has produced 383 pages of documents in response to Plaintiff's subpoena to date. (*Id.*

---

[1] Plaintiff's subpoena to Take-Two seeks documents about, *inter alia*, "the potential class members, the face-scan and MyPlayer features of the NBA2K games described in the Complaint, Take-Two's use of AWS relating to those features, and the nature and flow of data involved." (First Green Decl. at ¶ 22.)

ORDER - 3

at ¶ 25.) Plaintiff represents the bulk of responsive information requested should be produced by Take-Two in October 2023. (*Id.*)

Plaintiff has also served subpoenas to produce documents on other third parties, including Apple, Google, Microsoft, Nintendo, Valve, and Sony. (First Green Decl. at ¶23.) However, Plaintiff represents the information sought from Take-Two may eliminate the need for, or at least reduce the scope of, information needed from these non-parties. (*Id.* at ¶ 23.)

### III.   DISCUSSION

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the Court. To establish "good cause," a party seeking modification must show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b)'s good cause standard therefore "primarily considers the diligence of the party seeking the amendment." *Id.* In other words, "[t]he district court may modify the scheduling order 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Advisory Committee's Note on the 1983 Amendment, Fed. R. Civ. P. 16).

Plaintiff argues good cause exists for continuing the trial date and modifying all the pretrial deadlines, including reinstating the deadline for amended pleadings, because she cannot effectively prepare for class certification based on the pending third-party discovery despite her diligence. (Pl.'s Mot. at 7.) Based on the nature and expected production of third-party discovery, Plaintiff argues an extension will streamline the issues in the case, as Plaintiff expects the remaining third-party discovery to give rise to an amended complaint, while also giving the

ORDER - 4

issue of class certification primacy as intended by Federal Rule of Civil Procedure 23. (*Id.* at 8-9.)

Defendants contend Plaintiff fails to demonstrate good cause to amend the Court's scheduling order because she has not diligently pursued discovery from third parties. (*See* Defs.' Resp. at 1-2, 5-8.) Defendants argue Plaintiff was on notice after the filing of her complaint, and by at least September 2022, that Defendants had no role in "creating, collecting, or storing face geometry data from NBA2K players" and that Plaintiff ignored Defendants' suggestion to seek such information from Take-Two at that time. (*Id.* at 1-2, 6-7.) Defendants additionally argue Plaintiff and Defendants already agreed once to an extension of the deadlines to accommodate Plaintiff's need for third-party discovery, and that Plaintiff has failed to act diligently with respect to enforcing her third-party subpoenas. (*Id.*; Herrington Decl. at ¶ 9.) Finally, Defendants argue Plaintiff's request to reinstate the deadline to amend pleadings should be denied based on Plaintiff's lack of diligence given that deadline expired in April 2023. (Defs.' Resp. at 8.)

Here, the Court finds an extension of time is appropriate as Plaintiff cannot move for class certification due to the pending third-party discovery required. Based on the record before the Court, Plaintiff has diligently pursued such discovery. (*See* First Green Decl. ¶¶ 2-25.) Though Defendants contend Plaintiff lacked diligence in waiting until February 2023 to serve a subpoena on Take-Two (*see* Defs.' Resp. at 6), Plaintiff has detailed her efforts to obtain her sought discovery from Defendants first before seeking information from Take-Two, a non-party in this action.[2] (*See* First Green Decl. ¶¶ 2-14, 21.) Plaintiff notes it was met with "obfuscation

---

[2] As noted by Plaintiff, such efforts are in fact required by Federal Rule of Civil Procedure 45 before issuing a subpoena to a non-party. *See* Fed. R. Civ. P. 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena.").

ORDER - 5

and delay" throughout that period by Defendants based on Defendants' illegible production of certain discovery and incomplete production of other discovery. (Pl.'s Reply at 3 (citing Second Green Decl. (dkt. # 59) at ¶¶ 2-6).) During this discovery period, Plaintiff further notes the parties were engaged in negotiating the scope of discovery requests, search terms, custodians, and supplemental document productions related to information about Take-Two. (Second Green Decl. at ¶ 6, Ex. 3 (dkt. # 59-3).)

After Plaintiff received discovery responses, documents, and narrowed issues through the meet and confer process with Defendants, Plaintiff notified Defendants of her intent to serve a subpoena on Take-Two, which was served on February 16, 2023. (First Green Decl. at ¶ 21; Herrington Decl. at ¶ 7.) Since February 2023, Plaintiff represents she has conducted several meet and confers with Take-Two's counsel, who has agreed to provide a declaration responsive to Plaintiff's document requests.[3] (*See* First Green Decl. at ¶¶ 24-25; Second Green Decl. at ¶¶ 7, 9.) Plaintiff is awaiting this confirming documentation from Take-Two, which is expected to be produced in October 2023. (*See id.*) In addition, Plaintiff represents she is working with Apple and Google on the production of other documents relating to issues of numerosity for class certification, but that some of the information requested may be provided by Take-Two and potentially eliminate the need for production from Apple, Google, and the other non-parties. (*See* Second Green Decl. at ¶ 10.) Though Defendants contend Plaintiff should have instead sought to compel discovery from the non-parties, given this record, it is clear Plaintiff made good faith efforts to resolve any discovery disputes without the need for this Court's intervention. *See* Local Civil Rule 37(a)(1) ("Any motion for an order compelling disclosure or discovery must include a

---

[3] Plaintiff's discovery appears to be centered on Take-Two's use of Amazon Cloudfront for the NBA2K series, which Defendants had previously denied. (*See* Pl.'s Reply at 5-6 (citing Second Green Decl. at ¶¶ 7-9).) Plaintiff believes Take-Two's production will confirm Defendants participated in "the creation, dissemination, and/or storage of a MyPLAYER avatar." (*See id.* (citing Second Green Decl. at ¶ 9).)

ORDER - 6

certification . . . that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action.").

Furthermore, both parties are agreed an extension of time is warranted for the class certification deadline, though they remain disagreed as to whether such extension should be for six or eight months. (*See* First Green Decl. at ¶ 29; Herrington Decl. at ¶ 10, Ex. E (dkt. # 57-5).) Though Defendants disagree as to any other extension of the scheduling order's deadlines (Herrington Decl. at ¶ 10, Ex. E at 3), all the deadlines in this case must be adjusted commensurately to practically account for the class certification deadline. *See* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."). Discovery would also be completed in total prior to class certification under Defendants' proposal. As such, Defendants' proposed schedule is not practical or workable.[4]

Defendants' representation that they intend to seek summary judgment relatively soon as a basis for maintaining the status quo with the remaining scheduling deadlines also does not accord with the posture of this case. (*See* Defs.' Resp. at 7.) Courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified. *See e.g.*, *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) ("The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well *before* the merits of the case are adjudicated." (citations omitted; emphasis in original)); *see also Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020-21 (N.D. Cal. 2015).

---

[4] Under Defendants' proposal, the class certification briefing would not be finalized until June 17, 2024, two months after the expiration of the current dispositive motions deadline and only two months prior to trial in August 2024. (*See* dkt. # 48.)

ORDER - 7

Last, the Court declines Plaintiff's request to reinstate the amended pleadings deadline. The amended pleadings deadline passed in this action back on April 6, 2023 (*see* dkt. # 48), and Plaintiff failed to seek an extension of that deadline prior to its expiration despite her awareness considerable third-party discovery was still needed. Nevertheless, Plaintiff may still seek to amend her pleading pursuant to Federal Rules of Civil Procedure 15 and 16.[5]

In conclusion, the Court will adjust the scheduling deadlines by eight months to accommodate the pending third-party discovery, Plaintiff's forthcoming amended complaint request, Defendants' proposed motion for summary judgment, and to avoid further need for an extension of time. The parties are advised the Court will not be amenable to further requests for extensions of time of this scheduling order.

## IV.   CONCLUSION

Accordingly, finding good cause, the Court GRANTS Plaintiff's Motion (dkt. # 52) in part and DENIES it in part. Plaintiff's Motion is DENIED to the extent she requests the Court reinstate the expired deadline to amend the pleadings. Plaintiff's Motion is GRANTED in all other respects.

The Court ORDERS that the current Order Setting Trial Date and Pretrial Schedule (dkt. # 48) be amended as follows:

| Event | Date |
|---|---|
| JURY TRIAL to begin at 9:00 a.m., on: | 4/7/2025 |
| Motion for Class Certification | 5/17/2024 |

---

[5] If a party moves to amend its pleadings after the date specified in the Court's scheduling order, Rule 16 governs the request. *See Johnson*, 975 F.2d at 608. The Court therefore determines if the good cause standard under Rule 16 is met first in such cases before then deciding on whether amendment is proper under Rule 15. *See id.*; *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, 2014 WL 2573290, at *2 (W.D. Wash. 2014).

ORDER - 8

| | |
|---|---|
| Response to Motion for Class Certification | 45 days after filing of motion |
| Reply in Support of Motion for Class Certification | 30 days after filing of response |
| Reports of expert witnesses under FRCP 26(a)(2) due | 10/4/2024 |
| All motions related to discovery must be filed by this date and noted for consideration no later than the third Friday thereafter (*see* LCR 7(d)) | 10/4/2024 |
| Rebuttal expert disclosures under FRCP 26(a)(2) due | 11/15/2024 |
| Discovery to be completed by | 11/15/2024 |
| All dispositive motions and motions to exclude expert testimony for failure to satisfy *Daubert* must be filed pursuant to LCR 7(d) | 12/13/2024 |
| Settlement Conference, if mediation has been requested by the parties per LCR 39.1, held no later than | 1/13/2025 |
| Mediation per LCR 39.1, if requested by the parties, held no later than | 2/12/2025 |
| All motions in limine must be filed by | 3/10/2025 |
| Agreed LCR 16.1 Pretrial Order due | 3/17/2025 |
| Trial briefs, proposed voir dire questions, proposed jury instructions, deposition designations, and exhibit lists due by this date. Counsel are to confer and indicate with their submissions which exhibits are agreed to. | 3/24/2025 |
| Pretrial Conference scheduled for 9:30 a.m. on | 3/31/2025 |

These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery in the time allowed is not recognized as good cause.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify the Courtroom Deputy Clerk in writing within **TEN (10)** days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but the trial may have to await the completion of other cases.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Tana Lin.

Dated this 29th day of September, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 10