UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANN MAYHALL, on behalf of her Minor Child, D.M., individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON WEB SERVICES INC., *et al.*,<br><br>  Defendants. | Case No. C21-1473-TL-MLP<br><br>ORDER |

## I.  INTRODUCTION

Before the Court is Plaintiff Ann Mayhall's, appearing on behalf of her minor child D.M, (1) Motion to Seal (dkt. # 62); and (2) Motion for Leave to File First Amended Class Action Complaint (dkt. # 64). Plaintiff requests leave to file an amended complaint to substitute Dominic Mayhall ("D.M.") as Plaintiff because he has reached the age of majority and due to recently obtained facts relating to the process for creating a custom NBA 2K player with a user's face and how data necessary for that process is obtained, disseminated, and stored by Defendants Amazon Web Services Inc. and Amazon.com Inc. (collectively, "Defendants"). (Dkt. # 64 at 1-2.) Plaintiff further requests the Court grant leave to file under seal certain documents and information designated as "confidential" by Defendants and non-party Take-Two Interactive

ORDER - 1

1 Software, Inc. ("Take-Two"), the developer of the NBA 2K game series at issue in this case, that
2 Plaintiff submitted with her request for leave to file an amended complaint and in her amended
3 complaint submission itself. (Dkt. # 62 at 1.)
4       Defendants did not file an opposition to either motion. Instead, the parties filed a
5 "Stipulated Motion re: Plaintiff's Motion for Leave to Amend and Scheduling Order"
6 ("Stipulated Motion"). (Dkt. # 70.) Per the Stipulated Motion, Defendants agree not to oppose
7 Plaintiff's request for leave to file a first amended complaint, but the parties request that the
8 Court amend the deadlines for Plaintiff to amend pleadings and to move for class certification.
9 (*Id.* at 2.)
10       Having considered the parties' submissions, the balance of the record, and the governing
11 law: (1) Plaintiff's Motion to Seal (dkt. # 62) is GRANTED; (2) Plaintiff's Motion for Leave to
12 File First Amended Class Action Complaint (dkt. # 64) is GRANTED; and (3) the parties'
13 Stipulated Motion (dkt. # 70) is GRANTED, as further explained below.

14                               **II.    DISCUSSION**

15     **A.    Motion to Seal**
16       On July 11, 2022, the parties entered a Stipulated Protective Order for the handling of
17 confidential discovery materials. (*See* dkt. # 37.) On December 14, 2023, Take-Two produced a
18 declaration in response to Plaintiff's third-party subpoena request in discovery. (First Green
19 Decl. (dkt. # 63) at ¶ 2.) Take-Two also produced documents from Take-Two and Defendants
20 relating to a prior arbitration proceeding, and Defendants produced documents relating to
21 contracts/invoices for its services from 2019 to 2021. (*Id.*)
22       Both Defendants and Take-Two have designated the declaration, arbitration documents,
23 and contracts/invoices as confidential. (First Green Decl. at ¶ 3.) Counsel for Defendants and

ORDER - 2

1   Take-Two claim the confidentiality designations for the declaration and arbitration documents
2   are necessary "to maintain Take-Two's commercially[]sensitive information relating to the
3   development, creation, and operation of its NBA 2K videogame as well as its proprietary
4   MyPLAYER avatar that its players can use." (*Id.* at ¶ 5.) Defendants' counsel further provides
5   the confidentiality designations related to the contracts/invoices are likewise appropriate to
6   maintain Defendants' commercially sensitive pricing information for their services. (*Id.*)

7   Under the Court's Local Rules, "[t]here is a strong presumption of public access to the
8   court's files." Local Civil Rule ("LCR") 5(g); *see also Nixon v. Warner Commc'ns, Inc.*, 435
9   U.S. 589, 597 (1978). As the Ninth Circuit explained in *Kamakana v. City & County of*
10  *Honolulu*, "judicial records are public documents almost by definition, and the public is entitled
11  to access by default." 447 F.3d 1172, 1180 (9th Cir. 2006). To rebut the presumption of public
12  access, a party must file a motion that includes "a specific statement of the applicable legal
13  standard and the reasons for keeping a document under seal, with evidentiary support from
14  declarations where necessary." LCR 5(g)(3)(B).

15  When sealed materials are attached to a non-dispositive motion "unrelated to the merits
16  of the case," such as here, the moving party "need only satisfy the less exacting 'good cause'
17  standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "A
18  party asserting good cause bears the burden, for each particular document it seeks to protect, of
19  showing that specific prejudice or harm will result if no protective order is granted." *Foltz v.*
20  *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of
21  harm, unsubstantiated by specific examples or articulated reasoning," will not suffice. *Id.*
22  (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).
23

ORDER - 3

Here, the submitted documents at issue are subject to the Protective Order, which provides a "party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B)[.]" (Dkt. # 37 at ¶ 4.3.) The local rule requires specifying the reasons in support, including an explanation of the legitimate private or public interests, injury that will result without sealing, and why a less restrictive alternative is insufficient. LCR 5(g)(3)(B).

Defendants' submitted documents pertaining to Take-Two's declaration, the prior arbitration documents, and the subject contracts/invoices plainly relate to Take-Two's commercially sensitive information underlying the design and development of the NBA 2K series, the disclosure of which could cause competitive harm to Take-Two in the videogame marketplace. *See Apple, Inc. v. Samsung, Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (9th Cir. 2013) (noting one factor that weighs in favor of sealing documents "is when the release of the documents will cause competitive harm to a business"). This Court has previously found prior arbitration documents detailing the development and creation of NBA 2K and its MyPLAYER avatar system should be maintained under seal due to the potential harm to Take-Two. (*See* dkt. # 60 at 3-4.) Likewise, Defendants may be harmed if commercially sensitive pricing information for its services contained in the produced contracts/invoices were revealed. Accordingly, the Court finds Defendants have established good cause to maintain the subject documents under seal.

**B.    Motions for Leave to File First Amended Class Action Complaint and to Amend Court's Scheduling Order**

Next, Plaintiff seeks leave to file an amended complaint (dkt. # 64 at 1-2), which Defendants stipulated to. (*See* dkt. # 70.) But due to an anticipated motion to dismiss from

ORDER - 4

Defendants, the parties jointly request the Court amend the deadline for Plaintiff to move for class certification to 75 days after Defendants' expected motion to dismiss is resolved. (*Id.* at 2.)

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the Court. To establish "good cause," a party seeking modification must show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Federal Rule of Civil Procedure 15 provides that, after the initial period for amendment as of right, pleadings may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave "shall freely be given when justice so requires." *Id*.

On this issue, the Court finds Plaintiff has demonstrated good cause under Rule 16 to allow for the filing of the amended complaint based on the significant third-party discovery conducted since Plaintiff's last complaint submission relating to the biometric identifiers and/or biometric information used to create NBA 2K custom players at issue in this litigation.[1] (*See* Second Green Decl. (dkt. # 66) at ¶¶ 5, 7-8.) As to Rule 15, Defendants have stipulated to the propriety of Plaintiff's amended complaint. *See* Fed. R. Civ. P. 15(a)(2). Given the anticipated motion to dismiss Plaintiff's amended complaint, the Court will adjust the scheduling deadlines as requested by the parties.

### III.    CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

---

[1] If a party moves to amend its pleadings after the date specified in the Court's scheduling order, Rule 16 governs the request. *See Johnson*, 975 F.2d at 608. The Court determines if the good cause standard under Rule 16 is met first before then deciding on whether amendment is proper under Rule 15. *See id*.; *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, 2014 WL 2573290, at *2 (W.D. Wash. June 9, 2014).

ORDER - 5

(1)     Plaintiff's Motion to Seal (dkt. # 62) is GRANTED. The Clerk is directed to maintain: (i) Plaintiff's "Motion for Leave to File First Amended Class Action Complaint" (dkt. # 64); (ii) Plaintiff's proposed amended complaint, attached at Exhibit 1 (dkt. # 64-1), and (iii) the "Declaration of Kevin P. Green in Support of Plaintiff's Motion for Leave to File First Amended Complaint" (dkt. # 66) under seal.

(2)     Plaintiff's Motion for Leave to File First Amended Class Action Complaint (dkt. # 64) is GRANTED as stipulated by the parties. Plaintiff shall file the amended complaint under seal, accompanied by a publicly filed redacted version, by **February 16, 2024**.

(3)     The parties' Stipulated Motion (dkt. # 70) is GRANTED. The Court ORDERS that the current Order Setting Trial Date and Pretrial Schedule (dkt. # 61) be amended as follows:

| Event | Date |
|---|---|
| JURY TRIAL to begin at 9:00 a.m., on: | 4/7/2025 |
| Deadline for amended pleadings | 2/16/2024 |
| Motion for Class Certification | 75 days after resolution of Defendants' anticipated motion to dismiss |
| Response to Motion for Class Certification | 45 days after filing of motion |
| Reply in Support of Motion for Class Certification | 30 days after filing of response |
| Reports of expert witnesses under FRCP 26(a)(2) due | 10/4/2024 |
| All motions related to discovery must be filed by this date and noted for consideration no later than the third Friday thereafter (*see* LCR 7(d)) | 10/4/2024 |
| Rebuttal expert disclosures under FRCP 26(a)(2) due | 11/15/2024 |

ORDER - 6

| Discovery to be completed by | 11/15/2024 |
|---|---|
| All dispositive motions and motions to exclude expert testimony for failure to satisfy *Daubert* must be filed pursuant to LCR 7(d) | 12/13/2024 |
| Settlement Conference, if mediation has been requested by the parties per LCR 39.1, held no later than | 1/13/2025 |
| Mediation per LCR 39.1, if requested by the parties, held no later than | 2/12/2025 |
| All motions in limine must be filed by | 3/10/2025 |
| Agreed LCR 16.1 Pretrial Order due | 3/17/2025 |
| Trial briefs, proposed voir dire questions, proposed jury instructions, deposition designations, and exhibit lists due by this date. Counsel are to confer and indicate with their submissions which exhibits are agreed to. | 3/24/2025 |
| Pretrial Conference scheduled for 9:30 a.m. on | 3/31/2025 |

(4)     The Clerk is directed to send copies of this Order to the parties and to the Honorable Tana Lin.

Dated this 8th day of February, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7